IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TINA M. GREGORY f/k/a Tina Adams Green, and EDDIE JAMES WELLS, SR., individually and as Class Representatives for all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PREFERRED FINANCIAL SOLUTIONS; CREDIT CARD RELIEF; THOMAS P. DAKICH d/b/a DAKICH & ASSOCIATES; JEFFREY BROOKS; RHONDA ROELL-TAYLOR; LARRY D. WILSON; ROD MILLER; DANIEL YUSKA; STEVE MLYNSKI; JEFF WHITEHEAD; and LAQUETTA PEARSON;<br><br>    Defendants. | CIVIL ACTION FILE NO:<br><br>**5:11-cv-00422-MTT** |

## MOTION FOR A MORE DEFINITE STATEMENT

Pursuant to Federal Rules of Civil Procedure 12(e) and 8(a), Defendants Preferred Financial Solutions; Credit Card Relief; Thomas P. Dakich d/b/a Dakich & Associates; Jeffrey Brooks; Jeff Whitehead; and Laquetta Pearson (collectively, the "Preferred Defendants") respectfully move this Court for an Order directing Plaintiffs to re-plead their claims with sufficient facts to provide the Preferred

1

Defendants with notice of which claims are being asserted against each of them. In support of this motion, the Preferred Defendants show the Court as follows:

## I. INTRODUCTION

Plaintiffs' Third Amended Complaint for Damages in Class Action (the "Amended Complaint") is a classic shotgun pleading which alleges a multitude of wrongful acts against the "defendants" as a group without articulating which defendants are alleged to have committed each alleged wrongful act. Under Federal Rule of Civil Procedure 8(a) and Eleventh Circuit precedent interpreting the rule, the defendants are entitled to fair notice of which wrongful acts are being alleged against each individual defendant. Accordingly, the Preferred Defendants respectfully request that the Court enter an Order directing Plaintiffs to re-plead their Complaint with facts that identify the specific acts being alleged against each defendant.

## II. STATEMENT OF RELEVANT FACTS

The Amended Complaint individually identifies and provides a brief explanation of each defendant named in the caption. See Amended Complaint at ¶¶ 23-89. The remaining allegations set forth in the Amended Complaint allege that "defendants" as a group committed various wrongful acts, but the allegations fail to articulate which defendants allegedly committed which wrongful acts. See Plaintiffs' Amended Complaint at ¶¶ 1-20; 90-185. Plaintiffs further allege that

they are pursuing this action against Defendants under the theories of: (1) piercing the corporate veil; (2) alter ego; and (3) joint venture; however, the Amended Complaint provides no factual allegations to support these speculative theories or their legal conclusion that all defendants are jointly and severally liable for the damages sought by Plaintiffs in this case.  See Plaintiffs' Amended Complaint at ¶¶ 3-6.

### III.   LAW AND CITATION TO AUTHORITY

#### A.   Standard of Review

"Federal Rule of Civil Procedure 8(a) provides that a 'pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . , [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief.'" Peavey v. Black, 2012 U.S. App. LEXIS 6068 at *5 (11th Cir. 2012)(citing Fed. R. Civ. P. 8(a)(1)-(2)). "The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. (citing Harrison v. Benchmark Elecs. Huntsville, Inc., 593 F.3d 1206, 1214 (11th Cir. 2010)).

#### B.   Plaintiffs' Complaint is a Shotgun Pleading That Fails to Put the Defendants on Notice as to Which Facts Are Being Alleged Against Which Defendants.

A "shotgun pleading" is a complaint which leaves the "defendants with no notice of the claims against them." Washington v. Dep't of Children & Families,

3

256 Fed. Appx. 326, 328 (11th Cir. 2007). Put differently, a "shotgun pleading" is a pleading in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief…." and such pleadings "do[] not comply with that standard". See Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996).

The Eleventh Circuit has often criticized this kind of complaint because "[s]hotgun pleadings impede the administration of the district courts' civil dockets in countless ways." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010) (alteration, citation, and quotation marks omitted). "The district court, faced with a crowded docket and whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials." Id. The Eleventh Circuit has explained that "shotgun pleadings" are disallowed because they require courts to sort out "the meritorious issues from the unmeritorious ones, resulting in a massive waste of judicial and private resources; moreover, the litigants suffer, and society loses confidence in the courts' ability to administer justice." Id. "The use of shotgun pleadings in civil cases is a ubiquitous problem" and "it is particularly important for district courts to undertake the difficult, but essential, task of attempting to narrow and define the issues before trial." Morro v. City of Birmingham, 117 F.3d 508, 515 (11th Cir. 1997). "When faced with a shotgun pleading, the trial court, whether or not

requested to do so by the party's adversary, ought to require the party to file a repleader." United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 (11th Cir. 2006)(citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001)).

Plaintiffs' Amended Complaint is clearly a shotgun pleading. Other than the allegations identifying each defendant named in the lawsuit, Plaintiffs' allegations are alleged against "defendants" as a group. See Plaintiffs' Amended Complaint at ¶¶ 1-20; 90-185. In a complex lawsuit such as this one, shotgun allegations like the ones contained in the Amended Complaint make it much more difficult to narrow the issues and determine the actual scope of the litigation. This is especially true in a class action, such as this case, because plaintiffs are seeking to certify a class of plaintiffs against each of the defendants. However, the debate regarding class certification cannot take place until the Court, and the defendants, are put on notice of which wrongful acts each of the defendants are alleged to have committed.

Plaintiffs will undoubtedly respond that they have alleged theories of: (1) piercing the corporate veil; (2) alter ego; and (3) joint venture; and are therefore excused from articulating which wrongful acts are being alleged against which defendants. However, the Amended Complaint provides no factual allegations to support these speculative theories or their legal conclusion that all defendants are jointly and severally liable for the damages sought by Plaintiffs in this case.

Moreover, such an argument does not excuse Plaintiffs from the pleading requirements set forth in Federal Rule of Civil Procedure 8(a) which require Plaintiffs to allege sufficient facts to **"to raise a right to relief above the speculative level…."** Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)(holding that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do… [thus] **[f]actual allegations must be enough to raise a right to relief above the speculative level**….")(emphasis added); Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868, 884 (2009) (explaining that "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements… [thus] [a] court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth….").

Because the Preferred Defendants are entitled to fair notice of which facts are being alleged against which defendants, the Preferred Defendants respectfully request that the Court enter an Order directing the Plaintiffs to re-plead their Amended Complaint to set forth sufficient facts and allegations to put the individual and corporate defendants on notice as to which wrongful acts are

alleged to have been committed by each of the defendants.

## IV.     CONCLUSION

For the reasons set forth herein, the Preferred Defendants respectfully request that the Court enter an Order directing the Plaintiffs to re-plead their Amended Complaint to set forth sufficient facts and allegations to put the individual and corporate defendants on notice as to which wrongful acts are alleged to have been committed by each of the defendants.

Respectfully submitted this 28th day of August, 2013.

/s/ *David A. Lester*
David A. Lester
Georgia Bar No. 415962
**JONES WALKER LLP**
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone:   (205) 244-5282
Facsimile:   (205) 244-5482
Email:        dlester@joneswalker.com

William E. Raney
Admitted *Pro Hac Vice*
**COPILEVITZ & CANTER, LLC**
310 West 20th Street, Suite 300
Kansas City, Missouri 64108
Telephone: (816) 472-9000
Facsimile: (816) 472-5000
Email:       braney@cckc-law.com

**Attorneys for Defendants Preferred Financial Solutions, Credit Card Relief, Thomas Dakich, Dakich & Associates, Jeffery Brooks, Larry D. Wilson, Steve**

**Mlynski, Daniel Yuska, Rod Miller, Laquetta Pearson, and Jeff Whitehead**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following parties via the Court's CM/ECF on this 28th day of August, 2013.

| | |
|---|---|
| Mr. James W. Hurt<br>**HURT, STOLZ & CROMWELL, LLC**<br>345 W. Hancock Avenue<br>Athens, Georgia 30601<br>Email: jhurt@hurtstolz.com | Mr. George Richard DiGiorgio<br>Mr. F. Jerome Tapley<br>Mr. Jon C. Conlin<br>**CORY, WATSON, CROWDER & DEGARIS, PC**<br>2131 Magnolia Avenue<br>Birmingham, Alabama 35205<br>Email: rdigorgio@cwcd.com<br>        jtapley@cwcd.com<br>        jconlin@cwcd.com |
| Mr. Christopher A. Cosper<br>Georgia Bar No. 142020<br>**HULL BARRETT, PC**<br>801 Broad Street, 7th Floor<br>Augusta, Georgia 30901<br>Email: ccosper@hullbarrett.com | Mr. John Christopher Clark<br>**CLARK & SMITH LAW FIRM, LLC**<br>3402 Vineville Avenue, Suite A<br>Macon, Georgia 31204<br>Telephone: (478) 254-5040<br>Facsimile: (478) 254-5041<br>Email: chris@clarksmithlaw.com |
| Mr. James W. Davis<br>143 Lamar Street<br>Macon, Georgia 31204<br>Telephone: (478) 742-1440<br>Facsimile: (478) 742-6419<br>Email: jdavis@jameswdavislaw.com | |

/s/ *David A. Lester*
David A. Lester
Georgia Bar No. 415962