IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TINA M. GREGORY f/k/a ) <br> Tina Adams Green; ) <br> individually and as Class ) <br> Representative for all others ) <br> similarly situated, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> PREFERRED FINANCIAL ) <br> SOLUTIONS; ) <br> CREDIT CARD RELIEF; ) <br> THOMAS P. DAKICH, ) <br> d/b/a DAKICH & ASSOCIATES; ) <br> JEFFREY BROOKS; ) <br> RHONDA ROELL-TAYLOR; ) <br> LARRY D. WILSON; ) <br> ROD MILLER; ) <br> DANIEL YUSKA; ) <br> STEVE MLYNSKI; ) <br> JEFF WHITEHEAD; and ) <br> LAQUETTA PEARSON, ) <br>   ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION NUMBER <br><br> 5:11-CV-00422-MTT |

## MOTION TO STRIKE DEFENDANTS' FED. R. CIV. P. 68 OFFER OF JUDGMENT

Plaintiff, TINA GREGORY, moves this Court to strike the Fed. R. Civ. P. 68 Offer of Judgment of Defendants Preferred Financial Solutions, Inc., Credit Card Relief, Inc., Thomas P. Dakich d/b/a Dakich & Associates, Jeffrey Brooks, Rhonda Roell-Taylor, Larry D. Wilson, Rod Miller, Daniel Yuska, Steve Mlynski, Jeff Whitehead, and LaQuetta Pearson ("Defendants"). The following is stated in support thereof:

This Honorable Court certified a class in this action on December 17, 2013, wherein the Court defined the class as:

> All persons who, while residing in the State of Georgia, received Debt Settlement and/or Debt Adjusting services from the Defendants on or after July 1, 2003, and from whom the Defendants accepted, either directly or indirectly, any charge, fee, contribution, or combination thereof.

Doc. 106, p. 26. Further, the Court designated Plaintiff Tina Gregory as the class representative of the certified class. Id. On December 24, 2013, the parties submitted a Joint Motion for Entry of Order Approving Forms of Notice, Notice Plan, and Appointment of Class Administrator. The Court approved the Class Notice, the Notice Plan and the appointment of James W. Hurt, Jr. as Class Administrator on January 15, 2014. See Doc 113.

Thereafter, on January 17, 2014, Defendants served their Fed. R. Civ. P. 68 Offer of Judgment on the Plaintiff/Class Representative Tina Gregory in the amount of $5,469.65, wherein Defendants claim that "[t]his judgment amount represents Defendants' total liability for any and all of Plaintiff's losses, claims, damages and any other amounts or expenses that may have been recoverable, or were potentially recoverable, on her individual claims in this action." Defs.' Offer of Judgment, attached hereto as Exhibit A.

Such an Offer of Judgment at this juncture in the litigation is wholly improper, for the reasons provided *infra*, and should be stricken by this Court.

### ARGUMENT AND CITATION OF AUTHORITY

**A.   Many Courts Have Rejected Efforts by Defendants to "Pick Off" Individual Plaintiffs in a Class Action.**

In a decision still binding on the present Eleventh Circuit, the "old" Fifth Circuit[1] rejected efforts by defendants to destroy standing by rendering offers of judgment to class representatives

---

[1] Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) ("We hold that the decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.").

even before class certification. See Roper v. Consurve, Inc., 578 F.2d 1106, 1110 (5th Cir. 1978) *aff'd sub nom.* Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper, 445 U.S. 326 (1980) ("The notion that a defendant may short-circuit a class action by paying off the class representatives either with their acquiescence or, as here, against their will, deserves short shrift . . . [b]y the very act of filing a class action, the class representatives assume responsibilities to members of the class. They may not terminate their duties by taking satisfaction; a cease-fire may not be pressed upon them by paying their claims. The court itself has special responsibilities to ensure that the dismissal does not prejudice putative members.")

Moreover, judges within the Eleventh Circuit have cast doubt on whether Rule 68 Offers are proper under any circumstances in class action cases. See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc., 298 F.3d 1238, 1251 (11th Cir. 2002) (Marcus, C.J., concurring) (quoting Martin v. Mabus, 734 F. Supp. 1216, 1222 (S.D. Miss. 1990) ("[T]he procedures prescribed by rule 68 for making an offer of judgment are literally inapplicable because rule 23(e) requires that court approval be obtained in order for a case to be dismissed or compromised.").

In addition, peer courts have directly held that Rule 68 Offers of Judgment to even putative class representatives are improper and subject to being stricken. See Boles v. Moss Codilis, LLP, SA-10-CV-1003-XR, 2011 WL 4345289 (W.O. Tex. Sept. 15, 2011); Ziegenfuse v. Apex Asset Mgmt., L.L.C., 239 F.R.D. 400, 403 (E.D. Pa. 2006); Janikowski v. Lynch Ford, Inc., 98 C 8111, 1999 WL 608714 (N.D. Ill. Aug. 5, 1999) aff'd, 210 F.3d 765 (7th Cir. 2000).

Nonetheless, while a limited number of courts (not including the Eleventh Circuit) have upheld the ability of defendants to make offers of judgment to class representatives before class certification, defendants may not make an offer of judgment to a class representative after class certification because, once a class is certified, the party adverse to defendants is not the class

representative, but the class as a whole. See Fed. R. Civ. P. 23(e); White v. Alabama, 74 F.3d 1058, 1063 (11th Cir.1996); see also Mey v. Monitronics Int'l, Inc., 5:11CV90, 2012 WL 983766 (N.D.W. Va. Mar. 22, 2012); Gay v. Waiters' & Dairy Lunchmen's Union, Local No. 30, 86 F.R.D. 500, 502 (N.D. Cal. 1980). Accordingly, any Offers of Judgment must be made to the certified class rather than merely the individual class representative and the Court would have to approve any such settlement.

Under such precedent, we believe Defendants' "Offer of Judgment" to Ms. Gregory is an improper attempt to create a conflict of interest within the Plaintiffs certified class.

### B. Plaintiff's Motion to Strike is Ripe.

Under the circumstances of this case, Plaintiff's Motion to Strike Defendants' Offer is proper even though Defendants have not yet filed the Offer with the Court. While research indicates that no court within the Eleventh Circuit specifically has addressed the propriety of a motion to strike under such circumstances, peer courts in other jurisdictions have granted such motions. In Jenkins v. Gen. Collection, the plaintiff filed a class action complaint alleging violations of the Fair Debt Collection Practices Act (FDCPA), inter alia, and seeking statutory damages on behalf of herself and a putative class. 246 F.R.D. 600 (D. Neb. 2007) In that case *before the plaintiff had even moved to certify the class*, the defendants made a Rule 68 offer of judgment in an amount equal to the statutory limit on damages, plus costs and reasonable attorneys' fees. See id. The plaintiff subsequently filed a motion to strike the offer of judgment. Id. The magistrate judge granted plaintiff's motion to strike and defendant subsequently appealed. Id.

Defendant contended that the motion to strike the offer of judgment was premature, and therefore there was no "justiciable 'actual, ongoing [case] and [controversy]' before the court"

because defendant had not moved to dismiss plaintiff's claim as moot, defendant had not moved to recover costs from plaintiff and the court was not presented with the issue of attorney fees and costs. 246 F.R.D. 601-2. Nonetheless, the Court rejected defendant's argument and affirmed the magistrate judge:

> Because Rule 68 dictates that this offer would be "admissible . . . in a proceeding to determine costs," [the plaintiff's] dilemma is that her "fiduciary obligations to the putative class members [are] pitted against [her] own self-interest." *McDowall v. Cogan*, 216 F.R.D. 46, 51 (E.D.N.Y. 2003). **As long as relief on behalf of the class has not been addressed, [the judge's] determination that "the offer of judgment must now be stricken to prevent it from undermining the use of the class action device" is appropriate.** *Ziegenfuse*, 239 F.R.D at 403.

Jenkins, 246 F.R.D. at 602-3 (emphasis added). See also Smith v. NCO Fin. Sys., Inc., 257 F.R.D. 429, 434-35 (E.D. Pa. 2009) ("[A]n offer of judgment must be stricken at this stage of litigation 'to prevent it from undermining the use of the class action device.' To defer striking Defendants' . . . offer of judgment would only place Plaintiff in the exact predicament this Court wishes to avoid."). Accordingly, the Court should not face any procedural impediments to granting Plaintiff's Motion to Strike in this case.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Honorable Court to Strike the Rule 68 Offer of Judgment made by Defendants.

Respectfully submitted, this 31st day of January, 2014.

CORY, WATSON, CROWDER & DEGARIS, PC

*/s/ George Richard DiGiorgio*
George Richard DiGiorgio
Alabama Bar No.: ASB-0289-R72G
F. Jerome Tapley
Alabama Bar No.: ASB-0583-A56T

Jon C. Conlin
Alabama Bar No.: ASB-7024-J66C
**Admitted Pro Hac Vice**
2131 Magnolia Avenue
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896
rdigiorgio@cwcd.com
jtapley@cwcd.com
jconlin@cwcd.com

**HURT, STOLZ & CROMWELL, LLC**
James W. Hurt, Jr.
Georgia Bar No. 380104
Irwin W. Stolz, Jr.
Georgia Bar No. 683700
Jean G. Mangan
Georgia Bar No. 182848
345 W. Hancock Ave
Athens, Georgia 30601
Telephone: (706) 395-2750
Facsimile: (866) 766-9245
jhurt@hurtstolz.com
istolz@hurtstolz.com
jmangan@hurtstolz.com

**HULL BARRETT, P.C.**
David E. Hudson
Georgia Bar No. 374450
Christopher A. Cosper
Georgia Bar No. 142020
Christopher J. Driver
Georgia Bar No. 230803
Post Office Box 1564
Augusta, Georgia 30903-1564
Telephone: (706) 722-4481
Facsimile: (706) 722-9779
ccosper@hullbarrett.com
dhudson@hullbarrett.com
cdriver@hullbarrett.com

CLARK & SMITH LAW FIRM, LLC
John Christopher Clark
3402 Vineville Avenue, Suite A
Macon, Georgia 31204
Telephone: (478) 254-5040

Facsimile: (478) 254-5041
chris@clarksmithlaw.com

**ATTORNEYS FOR PLAINTIFFS
AND PLAINTIFF CLASS MEMBERS**

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served all counsel of record in the foregoing matter with a copy of *Plaintiffs' Motion to Strike Defendants' Fed. R. Civ. P. 68 Offer of Judgment* by electronically filing a copy of same with the Clerk of Court using the CM/ECF system, which will send notification to the following parties:

Steven F. Casey
**JONES WALKER LLP**
One Federal Place, Suite 1100
1819 5th Ave N
Birmingham, AL 35203
205.244.5282 tel
205.244.5482 fax
scasey@joneswalker.com

William E. Raney
**COPILEVITZ & CANTER, LLC**
310 West 20th Street, Suite 300
Kansas City, MO 64108
Telephone: (816) 472-9000
Facsimile: (816) 472-5000
braney@cckc-law.com

James W. Davis
143 Lamar Street
Macon, GA 31204
Telephone: (478) 742-1440
Facsimile: (478) 742-6419
jdavis@jameswdavislaw.com

This 31st day of January, 2014.

/s/ *George Richard DiGiorgio*
George Richard DiGiorgio

# Exhibit A


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TINA M. GREGORY F/K/A Tina Adams Green, individually and as Class Representative for all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PREFERRED FINANCIAL SOLUTIONS;<br>CREDIT CARD RELIEF;<br>THOMAS P. DAKICH d/b/a<br>DAKICH & ASSOCIATES;<br>JEFFREY BROOKS;<br>RHONDA ROELL-TAYLOR;<br>LARRY D. WILSON;<br>ROD MILLER;<br>DANIEL YUSKA;<br>STEVE MLYNSKI;<br>JEFF WHITEHEAD; and<br>LAQUETTA PEARSON,<br><br>Defendants. | Civil Action No. 5:11-CV-00422 MTT |

## OFFER OF JUDGMENT

1. Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendants Preferred Financial Solutions, Inc., Credit Card Relief, Inc., Thomas P. Dakich d/b/a Dakich & Associates, Jeffrey Brooks, Rhonda Roell-Taylor, Larry D. Wilson, Rod Miller, Daniel Yuska, Steve Mlynski, Jeff Whitehead, and LaQuetta Pearson ("Defendants") hereby offer to allow judgment to be taken against them by Plaintiff Tina M. Gregory f/k/a Tina Adams Green ("Plaintiff") on her claim in the amount of $5,469.65, together with reasonable attorneys' fees and costs that have been accrued to date, as set forth below.

1

2. Plaintiff alleges in her Fourth Amended Complaint that she is entitled to $469.65 for an amount equal to the total of all charges, fees, contributions, or combinations thereof paid by Plaintiff plus $5,000 for violation of the Georgia Debt Adjustment Act. Fourth Amended Complaint, ¶¶ 156, 226.

3. Defendants are offering judgment in the amount of $5,469.65 equal to the total of all charges, fees, contributions, or combinations thereof paid by Plaintiff plus $5,000. This amount can be adjusted according to the complete satisfaction of the claim if new information becomes available. The amount covers all claims for damages pursuant to the GDAA, Ga. Code Ann. §§ 18-5-1 *et seq*, and common law or equity claims of breach of fiduciary duty or negligent misrepresentation.

4. In addition, with respect to Plaintiff's demand for injunctive relief, Defendants will agree to stop charging fees in excess of those permitted by OCGA § 18-5-2 and disgorge to Plaintiff all money collected from her as well as the damages set forth above and any other injunctive relief permitted by law.

5. This judgment amount represents Defendants' total liability for any and all of Plaintiff's losses, claims, damages and any other amounts or expenses that may have been recoverable, or were potentially recoverable, on her individual claims in this action.

6. This offer is made solely for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure, and is not, and shall not be construed as, an admission that Defendants are liable in this action, or that Plaintiff, or any person whose rights or interests Plaintiff purports to represent, or on whose behalf Plaintiff purports to sue, have suffered damages.

7. Pursuant to Rule 68, Plaintiff has fourteen (14) days to accept this Offer of Judgment in writing.

8. In making this offer, Defendants direct Plaintiff's attention to the provision of Rule 68 that "[i]f the judgment that the [Plaintiff] finally obtains is not more favorable than [Defendants'] offer, the [Plaintiff] must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

9. The judgment entered in accordance with this Offer of Judgment is to be a complete settlement and release of any and all claims and allegations by Plaintiff, individually, against, implicating, or involving Defendants, whether or not known, asserted, or suspected by Plaintiff. Said judgment shall have no effect whatsoever except in settlement of those claims.

Dated: January 17th, 2014.

Respectfully Submitted,

*/s/ William E. Raney*

William E. Raney, MO# 46954
Copilevitz & Canter, LLC
310 W. 20th Street, Suite 300
Kansas City, MO 64108
816-472-9000
816-472-5000(f)
braney@cckc-law.com

*/s/ Steven F. Casey*

Steven F. Casey
Jones Walker, LLP
One Federal Place, Suite 1100
1819 5th Ave N
Birmingham, AL 35203
205-244-5282
205-244-5482 (f)
scasey@joneswalker.com

Attorneys for Defendants Preferred Financial Solutions, Credit Card Relief, Thomas P. Dakich, and Jeffery Brooks

3

## CERTIFICATE OF SERVICE

The undersigned certifies that the above Offer of Judgment was delivered on this 17th day of January, 2014 via electronic mail to:

Mr. James W. Hurt
**HURT, STOLZ & CROMWELL, LLC**
345 W. Hancock Avenue
Athens, Georgia 30601
Email: jhurt@hurtstolz.com

Mr. George Richard DiGiorgio
Mr. F. Jerome Tapley
Mr. Jon C. Conlin
**CORY, WATSON, CROWDER & DEGARIS, PC**
2131 Magnolia Avenue
Birmingham, Alabama 35205
Email: rdigorgio@cwcd.com
            jtapley@cwcd.com
            jconlin@cwcd.com

Mr. Christopher A. Cosper
Georgia Bar No. 142020
**HULL BARRETT, PC**
801 Broad Street, 7th Floor
Augusta, Georgia 30901
Email: ccosper@hullbarrett.com

Mr. John Christopher Clark
**CLARK & SMITH LAW FIRM, LLC**
3402 Vineville Avenue, Suite A
Macon, Georgia 31204
Telephone: (478) 254-5040
Facsimile: (478) 254-5041
Email: chris@clarksmithlaw.com

Mr. James W. Davis
143 Lamar Street
Macon, Georgia 31204
Telephone: (478) 742-1440
Facsimile: (478) 742-6419
Email: jdavis@jameswdavislaw.com

_____
William E. Raney

4