**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TINA M. GREGORY f/k/a** | ) | |
| **Tina Adams Green;** | ) | |
| **individually and as Class** | ) | |
| **Representative for all others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION NUMBER** |
| **v.** | ) | |
| | ) | **5:11-CV-00422-MTT** |
| **PREFERRED FINANCIAL** | ) | |
| **SOLUTIONS;** | ) | |
| **CREDIT CARD RELIEF;** | ) | |
| **THOMAS P. DAKICH,** | ) | |
| **d/b/a DAKICH & ASSOCIATES;** | ) | |
| **JEFFREY BROOKS;** | ) | |
| **RHONDA ROELL-TAYLOR;** | ) | |
| **LARRY D. WILSON;** | ) | |
| **ROD MILLER;** | ) | |
| **DANIEL YUSKA;** | ) | |
| **STEVE MLYNSKI;** | ) | |
| **JEFF WHITEHEAD; and** | ) | |
| **LAQUETTA PEARSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## SETTLEMENT AGREEMENT

**IT IS HEREBY STIPULATED AND AGREED,** by and between Plaintiff and Class Representative Tina M. Gregory and Defendants Thomas P. Dakich d/b/a Dakich & Associates, Jeff Whitehead and LaQuetta Pearson ("Settling Defendants"), through their duly-authorized counsel, to settle all matters asserted in this Action on the terms and conditions set forth in this Settlement Agreement subject only to the approval of the Court and the entry of the orders contemplated by this Agreement.

# INTRODUCTION

## I. *Procedural History*

1.

Plaintiff filed her Complaint in Class Action in the above-styled litigation on August 26, 2011 against Defendants Preferred Financial Solutions, Credit Card Relief, Thomas P. Dakich d/b/a Dakich & Associates, Jeffery Brooks, Larry D. Wilson, Steve Mlynski, Daniel Yuska, Rod Miller, LaQuetta Pearson, and Jeff Whitehead (hereinafter collectively "Defendants") for alleged violations of the Georgia Debt Adjustment Act. Defendants Preferred Financial Solutions, Credit Card Relief, Jeffery Brooks, Larry D. Wilson, Steve Mlynski, Daniel Yuska and Rod Miller have all filed bankruptcy. Defendant Rhonda Roelle Taylor was dismissed from this proceeding on summary judgment. [*See Doc.131*].

2.

Plaintiff alleged that Defendants entered into agreements with Georgia resident debtors to engage in the business of debt adjusting on behalf of said Georgia resident debtors in violation of the amended Georgia Debt Adjustment Act, OCGA §§ 18-5-1 *et seq.* that went into effect July 1, 2003.

3.

The class that was certified by the United States District Court for Middle District of Georgia, Macon Division, is:

> All persons who, while residing in the State of Georgia, received Debt Settlement and/or Debt Adjusting services from the Defendants on or after July 1, 2003, and from whom the Defendants accepted, either directly or indirectly, any charge, fee, contribution, or combination thereof.

[*Doc. 106, Order Dec. 17, 2013*].

4.

Through the discovery process, Defendants have provided the names and addresses of all of the potential class members as defined above through March 7, 2014.  The pool of class members consists of 893 former clients of Defendants that resided in the State of Georgia.

## II.  *Class Counsel's Representation*

5.

In the Court's Order of December 17, 2013, the Court approved, *inter alia*, James W. Hurt, Jr. and George Richard DiGiorgio as class counsel.

6.

Class Counsel have reviewed substantial evidence relating to the claims alleged in the Action, have conducted a thorough investigation and examination of the relevant facts to assess the merits of Plaintiff's claims and Defendants' defenses, and have conducted further investigation to determine how to best serve the interests of the Plaintiff and the putative Class.

## III. *No Resolution of the Substantive Contentions of the Parties*

7.

The Court has not ruled on any of the substantive contentions of the Parties regarding liability, damages or defenses, nor expressed any opinion with respect thereto.  This Settlement Agreement shall in no event be construed or deemed to be a concession by, or evidence of any admission or concession by, either (1) Plaintiff, of any infirmity in the causes of action asserted in the lawsuit, or (2) by Defendants, with respect to any allegation or cause of action, or of any wrongdoing or liability whatsoever, or of any infirmity in any of the defenses that Defendants have asserted, or may assert, in the lawsuit.

**IV. *Class Counsel's and Plaintiff's Settlement Recommendation***

8.

Based upon their discovery, investigation and evaluation of the facts and law relating to the matters alleged in the pleadings, Class Counsel has agreed to settle the Action pursuant to the provisions of this Agreement after considering, among other things:  (1) the substantial benefits to the putative Class under the terms of this Agreement; (2) the risks, costs and uncertainty of protracted litigation; (3) the likelihood and unlikelihood of success; (4) the complexity of actions such as this Action; (5) the difficulties and delays inherent in such litigation; and (6) the desirability of consummating this Agreement promptly, in order to provide relief to the Plaintiff and the putative Class.  Given that relief, and in consideration of all the above-referenced circumstances, the proposed settlement set forth in this Agreement is fair, reasonable, adequate, and in the best interests of the purported Class as required by Fed. R. Civ. P. 23.

**V.  *CLASS DEFINITION***

9.

The Class shall consist of the following:

> All persons who, while residing in the State of Georgia, received Debt Settlement and/or Debt Adjusting services from the Defendants from July 1, 2003 through and including March 7, 2014, and from whom the Defendants accepted, either directly or indirectly, any charge, fee, contribution, or combination thereof.

**VI. *PRELIMINARY APPROVAL***

10.

Within fifteen (15) days of the execution of this Agreement by the Parties or such other dates as may be acceptable to the Court, the Parties shall submit this Agreement, including all attached exhibits, to the Court and seek to obtain from the Court a Preliminary Approval Order in substantially the same form as **Exhibit 3** to this Agreement.

11.

The Parties shall jointly request that an injunction be granted by the Court in its Order attached as **Exhibit 3**, pending consideration of the proposed settlement by the Settlement Class. The injunction shall stay all proceedings in this Action and enjoin any Class Member and/or any person acting in his, her, or their behalf from commencing or prosecuting any action or proceeding in any court or tribunal against the Settling Defendants which asserts any claim under the Georgia Debt Adjustment Act, either on behalf of an individual or a putative class, except that any Class Member may timely exclude themselves from this settlement in accordance with the opt out provisions of the Settlement Agreement. The parties agree that the stay and injunction is necessary to protect and effectuate the Settlement and preserve the Court's jurisdiction over the Settlement Class pursuant to Fed. R. Civ. P. 23 and that each regards it as a material term of this Settlement Agreement.

**VII.**    ***SETTLEMENT AND ADMINISTRATION***

12.

The actions required of the Settling Defendants by this Agreement are to:  1) tender the sum of THIRTEEN THOUSAND AND 00/100 DOLLARS ($13,000.00) to be paid by Defendant Jeff Whitehead (hereinafter "Settlement Fund") to the Settlement Administrator for distribution to each respective Class Member, less costs and class administrative costs as further outlined *infra*; and 2) verify by sworn affidavit that the names and addresses of Defendants' Georgia clients provided to Plaintiff's counsel in discovery is a complete and accurate list of persons meeting the class definition.  Once Settling Defendants have fulfilled these two requirements, Settling Defendants shall have no further involvement or obligation in the distribution of the class settlement.

13.

Upon tender of the Settlement Fund to the Settlement Administrator, Settling Defendants shall be discharged of further liability with respect to the funds and dismissed from this case by Final Judgment resolving all claims of the class.

14.

Given that Settling Defendants shall have no further involvement once it has met the two requirements noted in paragraph 12 and given the total amount of the settlement, the Parties have agreed to minimize the cost to the Class and recommend to the Court that although James W. Hurt, Jr. is also Class Counsel, that the Court appoint James W. Hurt, Jr. as the Settlement Administrator.

15.

James W. Hurt, Jr., as the Settlement Administrator shall be charged with the performance of all duties of a Settlement Administrator under the Settlement Agreement and other specific duties as set forth in the Settlement Agreement and shall be subject to oversight by the Court in performance of his duties throughout his administration.  All reasonable fees and expenses incurred by the Settlement Administrator shall come from the settlement proceeds.  The Settlement Administrator's duties shall include, but not be limited to, assuring performance of the actions required of Defendants by this Agreement, which Defendants are required to:  1) tender the Settlement Fund to the Settlement Administrator for distribution to each respective Class Member, less costs and class administrative costs as further outlined *infra*, and 2) verify by sworn affidavit that the names and addresses of Defendants' Georgia clients provided to Plaintiff's counsel in discovery is a complete and accurate list of persons meeting the class definition.

16.

Once Defendants have fulfilled their requirements of 1) and 2) of Paragraph 12 above, Defendants shall have no further involvement or obligation in the distribution of the class settlement, which shall be the sole obligation of the Settlement Administrator subject to oversight and final approval by the Court.  The Settlement Administrator shall promptly report and make known to the Court any inability to comply with or any delay in effectuating this Agreement.

### A. SETTLEMENT ADMINISTRATOR'S RESPONSIBILITY

17.

No less than sixty (60) days prior to a Fairness Hearing, the Settlement Administrator shall provide written notice *via* United States mail, postage pre-paid, to the Class Members of their rights to object or opt out of the Settlement Agreement pursuant to Fed. R. Civ. P. 23, in the form attached hereto as **Exhibit 2**.

18.

The Settlement Administrator will conduct a search using a competent information broker on the Internet and/or a recognized credit bureau to ensure that any mailed notice which is returned for the reason that the address is incorrect will be corrected and a second notice sent.  The Settlement Administrator shall have no obligation to engage in additional efforts to locate a Class Member if a second notice is returned.

19.

The Notice to the Class Members shall not disparage, demean or criticize the Settlement, the Release, any of the Parties or any representative, attorney or agent of the Parties.

20.

Under the terms of this Settlement, Settling Defendants are required to verify by sworn affidavit that the names and addresses of Defendants' Georgia clients provided to Plaintiff's

counsel is a complete and accurate list of persons meeting the class definition. Settling Defendants are not required to seek current addresses for their past Clients or to update their past Client address list. The responsibility for updating and obtaining current addresses for the Class Members rests with the Settlement Administrator.

21.

The Parties acknowledge that whether a Class Member's last known address contained in Settling Defendants' records is current is uncertain and may not be reliable today. As such, it is the duty of Settling Defendants to provide the last known address of the Class Member to the Settlement Administrator and it is the duty and obligation of the Settlement Administrator to update and obtain the Class Members' current addresses from sources other than Settling Defendants' Client list containing the Class Member's last known address.

22.

The parties hereto agree to request jointly that the Court grant either party the right to depose any objector and/or any objector's proposed witnesses upon request made by either party.

**VIII.   _IDENTIFICATION OF CLASS MEMBERS_**

23.

Within 30 days after the entry of the Order preliminarily approving this settlement, the Settlement Administrator shall create a _List of Prospective Class Members_ which shall consist of all persons who, while residing in the State of Georgia, did debt settlement business with PREFERRED FINANCIAL SOLUTIONS; CREDIT CARD RELIEF; THOMAS P. DAKICH, d/b/a DAKICH & ASSOCIATES; JEFF WHITEHEAD and/or LAQUETTA PEARSON. The Settlement Administrator shall provide the _List of Prospective Class Members_ to Defendants' counsel for verification of its completeness and accuracy by Defendants. The _List of Prospective Class Members_ shall consist of:

a.    The name and last known address of each class member who, while residing in the State of Georgia, did debt settlement business with PREFERRED FINANCIAL SOLUTIONS; CREDIT CARD RELIEF; THOMAS P. DAKICH, d/b/a DAKICH & ASSOCIATES; JEFF WHITEHEAD and/or LAQUETTA PEARSON.

## IX. *CLASS RELIEF*

### A.  *Deposit of Settlement Fund in Escrow*

24.

No later than thirty (30) days after Final Approval[1], Defendants will distribute the Settlement Fund to the Settlement Administrator, who will promptly deposit the Settlement Fund in escrow in an interest bearing account at State Bank and Trust in Athens, Georgia.  All interest accrued on the funds deposited shall be used to offset the cost of administration of the Settlement.

### B.  *Adjustments to Settlement Fund*

25.

The following adjustments shall be made to and subtracted from the Settlement Fund with payments to be made within thirty (30) days after Final Approval:

a.    To reimburse Class Counsel $5,052.91 which is less than one-third of the actual expenses  associated in pursuit of this action or such amount as may be allowed and approved by the Court;

b.    An incentive award to Plaintiff Tina Gregory in the amount of $1,000.00 for her time, expense and effort as the Class Representative in this case; and

c.    Class Administration costs of $3,000.00.

---

[1] For purposes of this Agreement, Final Approval shall mean a Judgment of the Court to which no objections are filed which can result in appeal, or to which no notice of appeal is filed, or to a judgment that is affirmed on appeal.

d.      Class Counsel waive all attorney's fees.

### C. Distribution Formula

26.

Each Class Member shall receive payment from the Settlement Fund in accordance with the following formula:

(a)      $3,947.09 divided by the number of Class Members who do not opt-out of the Settlement, said sum being approximately $4.42 per class member.

### D. Method of Distribution

27.

Payment to each Class Member shall be in the form of a check drawn on the Settlement Fund, and issued by the Settlement Administrator within forty (40) business days after Final Approval.  Checks shall be made payable to "[Name of Class Member]."

28.

The Settlement Administrator shall not be required to make multiple payments from the Settlement Fund to co-clients who are entitled to relief under the Agreement on account of the same debt management agreement or debt management plan, but in such cases, shall make only one payment jointly to all such co-clients.

29.

Each check issued pursuant to this Agreement shall be void if not negotiated within one hundred and eighty (180) days after its date of issue, and shall contain a legend to such effect. Checks that are not negotiated within one hundred and eighty (180) days after their date of issue shall not be reissued.

30.

All payments that are unclaimed by Class Members, including returned checks and all checks not negotiated within one hundred and eighty (180) days after the date of issue, shall revert to the Settlement Fund and be distributed to the *cy pres* recipient as described in Paragraph 31 of this Agreement.

31.

**Cy Pres.**  The parties have agreed that a *cy pres* fund will be created which includes any residue of the Settlement Fund remaining for any reason (except accrued interest used to offset the cost of administration of the Settlement as provided in Paragraph 28 above), including checks that are not negotiated or are returned and remain undeliverable after one hundred and eighty (180) days following the mailing of the checks to Class Members under Paragraph 29 of this Agreement. The *cy pres* fund shall be donated to Georgia Watch, 55 Marietta Street, NW, Suite 903, Atlanta, GA 30303 (the "*cy pres* recipient").  The Settlement Administrator shall forward the funds payable to the *cy pres* recipient to the escrow account of Hurt Stolz, P.C., one hundred and ninety (190) days after the checks are mailed to the Class Members under Paragraph 27 of this Agreement. Class counsel shall remit the funds to the *cy pres* recipient on behalf of the Class and provide proof of such payment to the Defendants' counsel.

## X.  *RELEASE OF DEFENDANTS FROM FURTHER CLAIMS*

32.

In return for the consideration provided in the Agreement, the Plaintiffs and all other Class Members, individually and on behalf of anyone acting on behalf or for the benefit of a Class Member, including, but not limited to agents, representatives, attorneys, predecessors, successors, insurers, administrators, heirs, executors and assigns ("Releasing Parties"), shall release and discharge PREFERRED FINANCIAL SOLUTIONS; CREDIT CARD RELIEF; THOMAS P.

DAKICH, d/b/a DAKICH & ASSOCIATES; JEFF WHITEHEAD and LAQUETTA PEARSON (collectively, the "Released Parties") as follows:

a.    Releasing Parties shall release, acquit and forever discharge the Released Parties from any and all past, present and future causes of action, claims, damages, awards, equitable, legal and administrative relief, interest, demands or rights that are based upon, related to, or connected with, directly or indirectly, in whole or in part, the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in this Action with respect to The Debt Adjustment Act;

b.    Releasing Parties agree, covenant and acknowledge that they shall not now or hereafter initiate, participate in, maintain, or otherwise bring any claim or cause of action, either directly or indirectly, derivatively, or on their own behalf, or on behalf of the Class or the general public, or any other person or entity, against the Released Parties based on allegations that are based upon or related to, directly or indirectly, in whole or in part, the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in this Action with respect to the Debt Adjustment Act;

c.    Releasing Parties, without limitation, are precluded and estopped from bringing any claim or cause of action in the future, related in any way, directly or indirectly, in whole or in part upon, the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in this Action with respect to the Debt Adjustment Act;

d.    Releasing Parties acknowledge that they are releasing both known and unknown and suspected and unsuspected claims and causes of action, and are aware that they

may hereafter discover legal or equitable claims or remedies presently known or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the allegations and subject matters in the Action with respect to the Debt Adjustment Act or with respect to the released claims. Nevertheless, it is the intention of Releasing Parties to fully, finally and forever settle and release all such matters, and all claims and causes of action relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in this Action);

e.    Releasing Parties further agree that no third party shall bring any claims released herein on behalf of any Releasing Party;

f.    Nothing in this Release shall be deemed to release a Class Member's right to assert any claims or causes of action that arise from acts, facts, or circumstances arising exclusively after the entry of the Final Non-appealable Judgment, or preclude any action to enforce the terms of this Settlement Agreement;

g.    This Release may be raised as a complete defense to and will preclude any action or proceeding that is encompassed by this Release;  and

h.    The provisions of this Release together constitute an essential and material term of the Settlement Agreement to be included in the Final Order and Judgment entered by the Court.

## XI. *FAIRNESS HEARING*

33.

The Court shall hold a Fairness Hearing pursuant to Fed. R. Civ. P. 23, no earlier than one hundred and twenty (120) days after the entry of an Order preliminarily approving the class action settlement.  If the Court does not find that the Proposed Settlement is fair, reasonable and adequate,

the Settlement Agreement shall be of no force or effect, including any agreement by Defendants for certification of the Class, which was agreed to by Defendants solely for settlement purposes.

## XII.   *EXTRAORDINARY INTERVENTION*

34.

The parties to this Agreement are aware that matters outside the control of the parties (e.g. war, terrorism, hurricanes) could affect the ability of the parties to comply with the terms of this Agreement in a timely manner and agree to present such matters to the Court for appropriate adjustment of the timetable contemplated herein, if necessary.

## XIII.   *TERMINATION OF AGREEMENT*

35.

At the sole election of any party at any time prior to the entry of Final Approval, the Settlement Agreement shall be terminable by any party if any Court revises, modifies or disapproves of any of the material terms thereof.  Defendants or Class Counsel may terminate this agreement if any attorney general, regulatory or administrative authority:  (a) objects either to any aspect or term of the Agreement or to the intended financial results of the proposed relief; or (b) asks the Court to require any modification to the Agreement, including, without limitation, a construction or expansion of the scope of the contemplated relief that either party in its sole discretion, deems material; *but only if* (c) any such objection is sustained by the Court or the Court grants any such request to modify the Agreement.

## XIV.   *EFFECT OF TERMINATION*

36.

If this Agreement is terminated then:  (a) it shall be null and void and shall have no force or effect, and no Party to this Agreement shall be bound by any of its terms; (b) this Agreement, all of its provisions, and all negotiations, statements and proceedings relating to it shall be without

prejudice to the rights of Defendants, Plaintiffs or any other Class Member, all of whom shall be restored to their respective positions existing immediately before the execution of this Agreement; (c) Defendants PREFERRED FINANCIAL SOLUTIONS; CREDIT CARD RELIEF; THOMAS P. DAKICH, d/b/a DAKICH & ASSOCIATES; JEFF WHITEHEAD and LAQUETTA PEARSON and their current and former directors, officers, dealers, employees, agents, attorneys and representatives expressly and affirmatively reserve all defenses, arguments and motions as to all claims and causes of action that have been or might later be asserted in this Action, including (without limitation) any applicable statutes of limitation and the argument that the Action may not be litigated as a class action or that the class should not be certified; (d) Plaintiffs and their current and former predecessors, successors, heirs, agents or assigns expressly and affirmatively reserve all motions as to, and arguments in support of, all claims or causes of action that have been or might later be asserted in this Action; (e) neither this Settlement Agreement, nor the fact of its having been made, shall be admissible or entered into evidence for any purpose whatsoever; and (f) any order or judgment entered in this case after the date of this Settlement Agreement will be deemed vacated and will be without any force or effect.

## XV.   *TOTAL RELIEF*

37.

Plaintiff, Class Counsel and Defendants further expressly agree that under no circumstances whatsoever shall Defendants be responsible for paying any monies, benefits, costs, expenses or attorneys' fees in settlement of this Action other than as expressly provided for by this Settlement Agreement; nor will Defendants be required to take any action heretofore or incur any liability or pay any expense or be required to do any other thing, except as expressly provided herein.

## XVI.   *PLAINTIFF'S REPRESENTATIVE CAPACITY*

38.

Plaintiff, individually and as Class Representative (which has been agreed to by Defendants for settlement purposes only), represents and certifies that:  (1) she has agreed to serve as the representative of the Certified Class; (2) she is willing, able and ready to perform all of the duties and obligations of a representative of the Class, including, but not limited to being involved in discovery and fact-finding; (3) she has read the pleadings in this Action, including the Complaint, or has had the contents of such pleadings described to her; (4) she is familiar with the results of the fact-finding undertaken by Class Counsel; (5) she has been kept apprised of settlement negotiations among the Parties, and has either read this Agreement, including the exhibits annexed hereto, or has received a detailed description of it from Class Counsel and has agreed to its terms; (6) has consulted with Class Counsel about the Action, this Settlement Agreement and the obligations imposed upon the representative of the Class; (7) has authorized Class Counsel to execute this Agreement on her behalf; and, (8) shall remain and serve as representative of the Class until the terms of this Settlement Agreement are effectuated, this Agreement is terminated in accordance with its terms, or the Court at any time determines that she cannot represent the Class any longer.  Upon approval of the Court, Defendants agree for settlement purposes only not to oppose an incentive award to Tina Gregory as Class Representative in an amount not to exceed $1,000.00 to be paid out of the Settlement Fund within 30 days after the entry of Final Approval. If a Class Member or Class Representative is deceased on the date when financial relief would otherwise be awarded to him or her, then such financial relief shall be awarded to his or her estate or the nominee of his or her estate.

## XVII.  <u>NON-DISCLOSURE OF CLASS MEMBERS</u>

39.

Plaintiff and their counsel agree that the information made available to them through the discovery process or the listing of debtors by Defendants for Class identification shall not be disclosed or be the subject of public comment.

## XVIII. <u>NOTICES TO/FROM PARTIES</u>

40.

Whenever this Settlement Agreement requires or contemplates that one party shall or may give notice to another, notice shall be provided by Adobe PDF attachment to email and/or by next-day express delivery as follows:

> If to Settling Defendants, THOMAS P. DAKICH, d/b/a DAKICH & ASSOCIATES; JEFF WHITEHEAD:

> > William Kane
> > Sheppard Mullin, Richter & Hampton, LLP
> > 70 West Madison Street, 48th Floor
> > Chicago, IL 60602-4498
> > (312) 499-6235
> > Facsimile:  (312) 962-0753
> > wkane@shepparadmullin.com

> If to Settling Defendant, LaQuetta Pearson:

> > Law Offices of LaQuetta S. Pearson
> > 612 Moreland Ave. SE
> > Atlanta, GA 30316
> > (404) 627-2811

> If to Plaintiff and/or the Class:

> > James W. Hurt, Jr.
> > HURT STOLZ, P.C.
> > 1551 Jennings Mill Road, Suite 3100-B
> > Watkinsville, Georgia 30677

jhurt@hurtstolz.com

## XIX.   *CALCULATION OF TIME PERIODS*

41.

All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Agreement or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the Clerk of the Court inaccessible, in which event the period shall run until the end of the next day that is not one of the aforementioned days.

## XX.   *EVIDENTIARY EFFECT OF AGREEMENT*

42.

Neither this Settlement Agreement nor any related negotiations, statements or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including but not limited to Defendants PREFERRED FINANCIAL SOLUTIONS; CREDIT CARD RELIEF; THOMAS P. DAKICH, d/b/a DAKICH & ASSOCIATES; JEFF WHITEHEAD and LAQUETTA PEARSON.

43.

Nor shall this Settlement Agreement or any related negotiations, statements or court proceedings be construed as a waiver by Defendants PREFERRED FINANCIAL SOLUTIONS; CREDIT CARD RELIEF; THOMAS P. DAKICH, d/b/a DAKICH & ASSOCIATES; JEFF WHITEHEAD and LAQUETTA PEARSON of any applicable defense, including without

limitation any applicable statute of limitations or statute of frauds or failure to establish a class action or certify a class, etc., or as a waiver by Plaintiff or the Class of any claims, causes of action or remedies.

## XXI.   **_DEFENDANTS' DENIAL_**

44.

Defendants PREFERRED FINANCIAL SOLUTIONS; CREDIT CARD RELIEF; THOMAS P. DAKICH, d/b/a DAKICH & ASSOCIATES; JEFF WHITEHEAD and LAQUETTA PEARSON expressly deny any wrongdoing alleged in the pleadings and do not admit or concede any actual or potential fault, wrongdoing or liability in connection with any facts or claims that have been or could have been alleged against it in this Action, but consider it desirable for the Action to be settled and dismissed because this Settlement will:  (i) avoid substantial expense and the further disruption of the management and operation of Defendants' business due to the pendency and defense of the Action; (ii) finally put Plaintiff's claims and the underlying matters to rest; and (iii) avoid future considerable expenses, including attorney's fees, in defending this Action.

45.

Plaintiff agrees and understands that by entering into this Agreement, Defendants do not in any way admit, but specifically deny, all allegations made by Plaintiff related to the above-mentioned incident and Defendants deny committing any act or failure to act in violation of any law, statute or regulation.  The consideration made by each Party and the promises and release recited and referred to herein are given and accepted to resolve doubtful and disputed claims, to buy and provide peace and closure, and to avoid the expense of litigation and shall not be construed as an admission of liability on the part of Defendants or an admission of the validity of any disputed factual contention, and Defendants deny such liability.

## XXII.  *PLAINTIFFS' AFFIRMATION*

46.

Plaintiff expressly affirms that the allegations contained in the Complaint were made in good faith and have a substantial basis in fact, but considers it desirable for the Action to be settled and dismissed because of the substantial immediate benefits that the proposed Settlement will provide to the Class Members, and the uncertainty of the legal issues.

## XXIII. *VOLUNTARY RELEASE*

47.

The Release provided herein is given voluntarily and is not based upon any representations or statements of any kind by any Party or representative of any Party as to the merit, legal liability or value of any claim or claims released herein or any other matter relating thereto.  This release is in compromise of disputed claims and indicates no admission of liability.

48.

The Parties covenant and warrant that no promise or inducement has been offered or made except as set forth herein; that all Parties have read this Agreement, understand all of its terms and understand that this Agreement constitutes the entire agreement between the Parties; and that the undersigned are executing this Agreement voluntarily and with full knowledge of its significance.

49.

Each Party to this Agreement represents and acknowledges that its respective attorneys have conducted whatever investigation that was deemed necessary by them; that it has consulted with and received advice from legal counsel of its own choice concerning this Agreement; and that each Party's attorneys are not relying in any way on any statement or representation made by any other party or their attorneys, other than as stated herein, in reaching the decision to enter into this Agreement.

## XXIV. <u>TAX CONSEQUENCES</u>

50.

No opinion concerning the tax consequences of the Settlement to Plaintiff, the Class, or individual Class Members is being given or will be given by Defendants, Defendants' counsel or Plaintiffs' counsel, nor is any representation or warranty in this regard made by virtue of this Agreement. Each Class Member's tax obligations, including Plaintiff, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending upon the particular circumstances of each individual Class Member.

51.

In the event that any federal, state or local taxing authority should rule that taxes are due on this payment, each Class Member shall be responsible for all such taxes. If any federal, state, or local authority, or lienholder makes a claim or institutes a proceeding against Defendants in connection with any amount paid to the Plaintiff, the Class, and/or the Class Members pursuant to this Agreement, Plaintiff, the Class, and/or the Class Member agree to fully and completely indemnify Defendants for all such taxes and for any costs and attorney's fees reasonably associated with defending against the claim or proceeding. Plaintiff, the Class, and/or the Class Member agree to indemnify and hold Defendants harmless from any and all tax consequences, including interest and/or penalties, arising out of the payment made to Plaintiff, the Class, and/or the Class Member as described above.

## XXV.  *DEFENDANTS' RESERVATION OF RIGHTS*

52.

Defendants' execution of this Agreement shall not be construed to release—and Defendants expressly do not intend to release—any claim or cause of action Defendants may make against any insurer, reinsurer, dealer and/or agent for any cost or expense incurred in connection with this Settlement, including, without limitation, commissions, attorneys' fees and costs.

SIGNED THIS 26 DAY OF ___June___, 2018.

By: _____
Settling Defendant Jeff Whitehead

By: _____
James W. Hurt, Jr., Counsel for Tina M. Gregory and the Class