IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TINA M. GREGORY f/k/a Tina Adams Green; individually and as Class Representative for all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NUMBER |
| v. | ) ) | 5:11-CV-00422-MTT |
| PREFERRED FINANCIAL SOLUTIONS; CREDIT CARD RELIEF; THOMAS P. DAKICH, d/b/a DAKICH & ASSOCIATES; JEFFREY BROOKS; RHONDA ROELL-TAYLOR; LARRY D. WILSON; ROD MILLER; DANIEL YUSKA; STEVE MLYNSKI; JEFF WHITEHEAD; and LAQUETTA PEARSON, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**FINAL ORDER OF JUDGMENT AND DISMISSAL**

This matter coming to be heard on Plaintiff's Unopposed Request for Final Approval of Class Action Settlement ("Request"), due and adequate notice having been given to the Settlement Class,[1] and the Court having considered all papers filed and proceedings in this matter, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

---

[1] Unless otherwise defined herein, all capitalized terms have the same definition as set forth in the Settlement Agreement.

Page - 1 - of 8

1. This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over all parties to the Action, including all Class Members.

2. The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated August 24, 2018, Doc. 143, and notice was given to all members of the Class under the terms of the Preliminary Approval Order.

3. The Court has read and considered the papers filed in support of the Request, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Class and the defendants, and supporting declarations. The Court has been informed by the Class Settlement Administrator that no members of the class sought exclusion from the class or have objected to the Settlement of this action. The Court held a hearing on March 5, 2019, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement. The Court has received no objections from any person regarding this Settlement.

4. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Class.

   In weighing final approval of a class settlement, the Court's role is to determine whether the settlement, taken as a whole, is "fair, adequate and reasonable and . . . not the product of collusion between the parties." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (internal quotation marks and citations omitted); *Leverso v. SouthTrust Bank of Ala., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994). To aid in this determination, courts in this Circuit consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and duration of litigation; (3) the stage of the proceedings at which the

settlement was achieved and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recoveries; and (6) the opinions of class counsel, class representatives, and the substance and amount of opposition to the settlement. *See Leverso*, 18 F.3d at 1530 n.6; *Bennett*, 737 F.2d at 986. "In assessing these factors, the Court 'should be hesitant to substitute . . . [its] own judgment for that of counsel.'" *Lipuma v. Am. Express Co.*, 406 F.Supp.2d 1298, 1315 (S.D. Fla. 2005) (quoting *In re Smith*, 926 F.2d 1027, 1028 (11th Cir. 1991)); *In re Motorsports Merchandise Antitrust Litig.*, 112 F. Supp. 2d 1329, 1333 (N.D. Ga. 2000) (same). Application of these factors in this case supports final approval of the Settlement:

    The Court must consider whether a proposed settlement is "the product of collusion between the parties." *Bennett*, 737 F.2d at 986 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)). "There is a presumption of good faith in the negotiation process. . . . Where the parties have negotiated at arm's length, the Court should find that the settlement is not the product of collusion. . . . Further, where the case proceeds adversarially, this counsels against a finding of collusion." *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 692 (S.D. Fla. 2014) (citations omitted); *Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 693 (N.D. Ga. 2001). Here, there is no claim of fraud or collusion. The fact that the Settlement is the result of arms' length negotiations supports this finding. Also, the parties conducted extensive discovery. *See* Doc. 81 (representing that "the parties have exchanged written discovery and conducted numerous depositions"); *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 211 (5th Cir. 1981) ("[T]he trial court may legitimately presume that counsel's judgment 'that they had achieved the desired quantum of information necessary to achieve a settlement,' . . . is

reliable.") (citations omitted). Accordingly, this factor weighs in favor of final approval of the Settlement.

"In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." 4 Newberg on Class Actions § 11:50 at 155 (4th ed. 2002). In this case, recovery by any means other than settlement would requires additional litigation. The case has been pending since 2011, and several Defendants have filed for bankruptcy, which limits the range of possible recovery. Doc. 136 at 2. Furthermore, the action has been pending since 2011 and is factually and legally complex, which supports the findings that continued litigation would be expensive and that settlement is in the best interests of the class.

Additionally, in considering a proposed class settlement, the Court "may rely upon the judgment of experienced counsel for the parties. . . . Absent fraud, collusion, or the like, the district court 'should be hesitant to substitute its own judgment for that of counsel.'" *Nelson v. Mead Johnson & Johnson Co.*, 484 F. App'x 429, 434 (11th Cir. 2012) (quoting *Cotton*, 559 F.2d at 1330); *Greco v. Ginn Dev. Co., LLC*, 635 F. App'x 628, 632 (11th Cir. 2015) (same); *In re Domestic Air*, 148 F.R.D. at 312-13 (same). In addition, "the reaction of the class is an important factor." *Lipuma*, 406 F. Supp. 2d at 1324; s*ee Saccoccio*, 297 F.R.D. at 694 ("[A] low number of objections suggests that the settlement is reasonable"); *In re Motorsports Merchandise Antitrust Litig.*, 112 F. Supp. 2d at 1338 ("The lack of objection . . . suggests the terms are satisfactory. . . ."). Here, no class members have objected or opted out. The Court thus finds that the positive response from the Class Members here evidences the fairness, reasonableness, and adequacy of the Settlement.

5. On August 24, 2018, Doc. 143, the Court approved the following class definition for settlement purposes:

> All persons who, while residing in the State of Georgia, received Debt Settlement and/or Debt Adjusting services from the Defendants from July 1, 2003 through and including March 7, 2014, and from whom the Defendants accepted, either directly or indirectly, any charge, fee, contribution, or combination thereof.

6. The Court is informed that there are 796 unique persons described above during this period.

7. Plaintiff Tina Gregory has been appointed Class Representative and James W. Hurt, Jr. of Hurt Stolz, P.C. and Richard G. DiGiorgio of Cory Watson, P.C.; have been appointed as Class Counsel.

8. The Court finds that: (A) the members of the Class have a limited interest in individually prosecuting the claims at issue; (B) that no other litigation commenced regarding the claims at issue by members of the Class warrants disapproval of this Settlement; (C) it is desirable to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this Settlement.

9. The Court has determined that the Class Notice given to the Class members, in accordance with the Preliminary Approval Order, fully and accurately informed members of the Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Due Process, Fed. R. Civ. P. 23, and all applicable laws.

10. No persons in the defined class made timely and valid requests for exclusion.

11. The Court orders the parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

12. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff and all Class members. The Court adjudges that the released claims described in the Settlement Agreement are released against the Released Parties.

13. The Court adjudges that the Plaintiff and all Class members shall be deemed to have fully, finally and forever released and relinquished their claims against the Released Parties, as specified in the Settlement Agreement.

14. After the Effective Date, all Class Members, including Representative Plaintiff, are hereby permanently enjoined from commencing, prosecuting, or assisting in any suit against the Released Parties with respect to the fees, charges, conduct, services, acts, or omissions of the Released Parties relating to all matters within the scope of the releases contained in the Settlement Agreement.

15. The Court further adjudges that upon the Effective Date, the above-described release and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of, Plaintiff and all other Class members, and their respective affiliates, assigns, heirs, executors, administrators, successors and agents. The Released Parties may file the Settlement Agreement and/or this Final Order of Judgment and Dismissal in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Without affecting the finality of this Final Order of Judgment and Dismissal in any way, the Court retains exclusive jurisdiction over: (a) implementation and enforcement of the

Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and the Settlement Class members for the purpose of implementing and enforcing the Settlement Agreement, including the bar order set forth in paragraph 15 above, and resolving all disputes arising from claims for payment under the Settlement.

17. The Court approves the incentive award requested in the Settlement Agreement for the Class Representative and specifically finds such amount to be reasonable in light of the service performed by Plaintiff for the class. This amount shall be paid by the Class Administrator in accordance with the terms of the Settlement Agreement.

18. Neither this Final Order of Judgment and Dismissal nor the Settlement Agreement shall be construed or used as an admission or concession by or against the Individual Defendants or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any released claims. This Final Order of Judgment and Dismissal is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by the Individual Defendants or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Class Members, or the Individual Defendants.

19. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no just reason exists for delay in entering this Final Order of Judgment and

Dismissal. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order of Judgment and Dismissal.

**SO ORDERED,** this 21st day of March, 2019.

S/Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT